RECEIVED
IN LAKE CHARLES, LA

FEB - 1 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO.2:06 CR 20089-006 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| TIFFANY PENA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Presently before the court is the defendant's Motion for Reconsideration[1] of the Sentence [doc. 620]. Tiffany Pena ("Pena") argues that the §5K1.1 motion filed by the Government permits the court to depart below the statutory minimum mandatory sentence.[2] The text of § 5K1.1 of the Guidelines provides:

**Substantial Assistance to Authorities (Policy Statement)**

"Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

"(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following: [List of five factors for the court's consideration, including] the government's evaluation of the assistance rendered."

*Melendez v. United States,* 518 U.S. 120, 124-125 (1996).

---

[1] Styled as a "Post-Sentencing Memorandum."

[2] The defendant also noted that the Statement of Reasons indicated that the court determined that the mandatory minimum did not apply because of substantial assistance. Although there was a 5K1.1 motion, this did not authorize a sentence below that statutory minimum sentence. An Amended Statement of Reasons will be issued to reflect this correction.

Application Note 1 says:

> "Under circumstances set forth in *18 U.S.C. § 3553(e)* and 28 U.S.C. § 994(n) ... substantial assistance ... may justify a sentence below a statutorily required minimum sentence," § 5K1.1, comment., n. 1" (emphasis added).

One of the circumstances set forth in § 3553(e) is that the Government has authorized the court to impose a sentence below the statutory minimum, which, in Pena's case, the Government did not do. *Melendez*, 518 U.S. at 127.

A court may not depart below the statutory minimum unless the government moves for such a departure under either 18 U.S.C. §§ 3553(e) or 3553(f). *Melendez v. United States*, 518 U.S. at 125-26. These are the exclusive means by which a court may depart below the statutory minimum. *United States v. Stewart,* 306 F.3d 295, 331 n. 21 (6th Cir.2002). Section 3553(e) provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." Section 3553(f), the "safety valve" provision, is not applicable if the defendant has more than one criminal history point, rendering it unhelpful to Pena. 18 U.S.C. § 3553(f)(1); *United States v. McIntosh* 484 F.3d 832, 835 (6th Cir. 2007); *United States v. Penn,* 282 F.3d 879, 881 (6th Cir.2002).

In the case at bar, the Government did not file a §3353(e) motion. Accordingly, the

2

defendant's Motion IS DENIED.

Lake Charles, Louisiana, this 31 day of January, 2010.

*[signature]*
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE