RECEIVED
IN LAKE CHARLES, LA

APR 20 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20089-006 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| TIFFANY JOY PENA | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 filed by the defendant, Tiffany Joy Pena ("Pena"). The Government filed an answer. The defendant did not file a reply.

Procedural History

Pena had originally been charged in a seven-count indictment with numerous other individuals. She had been specifically charged with conspiracy to possess with intent to distribute controlled substances and a forfeiture of assets count. (Rec. Doc. 1).

On January 17, 2008, pursuant to a written plea agreement, the defendant pleaded guilty to a superseding bill of information charging her with importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960(b)(2)(B). At the guilty plea the defendant was represented by Ginger Vidrine, who had been appointed to represent her. (Rec. Doc. 133).

On December 1, 2009, the Government filed a motion for departure from the sentencing guidelines as to the defendant. (Rec. Doc. 601). On January 14, 2010, the defendant was sentenced to 60 months imprisonment. That term is to be followed by four years of supervised release. Counts

One and Seven of the indictment were dismissed.(Rec. Doc. 618).

The Presentence Investigation Report (PSR) indicates that the base offense level was 30. The defendant received a two-level reduction for her minor participation in the criminal activity. (PSR, paras. 17, 20). She also received a reduction of three points for acceptance of responsibility. Her total offense level was 25. Her Criminal History Category was III. The guideline imprisonment range was 70 to 87 months. (PSR, para. 52).

On January 19, 2010, the defendant, through her counsel Ginger Vidrine, filed a motion for reconsideration of the sentence. (Rec. Doc. 620). On February 1, 2010, the Court denied that motion. (Rec. Doc. 639). On June 25, 2010, Ginger Vidrine filed a motion to withdraw. (Rec. Doc. 734). On July 1, 2010, the Court issued an order granting the motion to withdraw as attorney. (Rec. Doc. 738).

On January 11, 2011, the defendant filed the instant motion. (Rec. Doc.794).

## FACTS[1]

On September 18, 2003, Pena drove a 1996 Toyota Camry into the Pharr, Texas point of entry from Mexico. 3.12 kilograms of cocaine were found in her car. During the salvage of the car, three more bundles of cocaine were recovered. Other individuals involved in the organization, for which the defendant had been transporting drugs, indicated that she had been a drug courier for the organization. (PSI, paras. 9-11; GP, p. 13; Rec. Doc. 206-2).

## Law

The defendant argues that her attorney was ineffective in several ways:

1)   By failing to investigate the defendant's criminal history prior to the plea agreement;

---

[1] The stipulated factual basis filed into the record at the time of the guilty plea, as well as the PSR, indicate that the defendant was involved in transporting drugs for an organization into the United States.

2

2)      By failing to negotiate a result favorable to the defendant in plea negotiations;

3)      By failing to file a motion to compel to force the Government to file a 3553(e) motion;

4)      By not arguing for a 3553(e) motion at the sentencing hearing; and

5)      By making a false statement in her Motion to Withdraw as counsel.

Pena also alleges breach of contract and bad faith.

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice."[2]

Collateral review is fundamentally different from and may not replace a direct appeal.[3] Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."[4] Pena has not established cause and prejudice.

Even if a defendant cannot establish "cause" and "prejudice," she may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of

---

[2] *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

[3] *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*.

[4] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

justice.[5] Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which she is innocent.[6] Pena does not allege actual innocence.

A criminal defendant has a right to counsel under the Sixth Amendment, and the right to counsel entails the right to effective assistance of counsel.[7] To prove ineffective assistance of counsel under *Strickland*, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."[8] A finding of deficient performance requires a showing that " 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' "[9] that is, petitioner must show that counsel's performance fell below an objective standard of reasonableness, as measured by prevailing professional norms.[10] Deficient performance is prejudicial "only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined."[11] Failure to prove either deficient performance or

---

[5] . *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992);*United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991).

[6] *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008).

[7] *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[8] *Id.* at 687, 104 S.Ct. 2052.

[9] *Leal v. Dretke*, 428 F.3d at 548 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052),

[10] *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052.

[11] *Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir.1998)).

prejudice will defeat an ineffective assistance of counsel claim.[12]

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial.[13] Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.[14]

Regardless of her attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice.[15] The burden of proof is on a § 2255 petitioner to prove her allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."[16] The defendant has not established that her alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

Pena alleges that her counsel was ineffective for failing to investigate her criminal history prior to the guilty plea. The plea agreement indicated that defendant's Criminal History Category

---

[12] *Id; Diaz v. Quarterman*, 2007 WL 1112044, *7 (C.A.5 (Tex. (C.A.5 (Tex.), 2007).

[13] *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994).

[14] *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

[15] *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

[16] *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961).

was I. However, the Presentence Investigation Report provides that her Criminal History Category was III. She claims that her attorney and the Assistant United States Attorney negotiated the terms of the plea agreement under the false impression that the defendant had a Criminal History Category of I. The plea agreement did indicate that the defendant's Criminal History Category was "estimated to be I." (Rec. Doc. 260, p. 6). However, this plea agreement also provides that the Court was not bound by the calculations by the parties. Furthermore, at the guilty plea hearing, the Court indicated to the defendant that a prediction could not be made as to her sentence. For example, when the Court was explaining the "Safety Valve" provision to the defendant, the Court told the defendant that predicting a specific sentence was not possible at the guilty plea. (GP, pp. 7-8).

A defense attorney routinely relies on a defendant's representation of her own criminal history. In *United States v. Pease*, 240 F.3d 938, 941 (11th Cir.2001) the court held that a defense attorney's failure to inform his client that he would be sentenced as a career offender, because counsel relied on his client's representations about his criminal history and did not conduct an independent investigation of his client's criminal records, did not necessarily constitute deficient performance under the first prong of *Strickland*.[17] In *Pease*, defense counsel relied on his client's recollection of his criminal history, but the client did not relay that he had a prior conviction for resisting arrest with violence. *Id.* at 941 n. 3. Under those circumstances, the court held that the district court did not err in rejecting Pease's claim that his attorney provided ineffective assistance.[18] The defendant has not produced evidence that she informed her counsel of her full and complete

---

[17] See *Pease*, 240 F.3d at 941-42.

[18] *Id.* at 942.

criminal history prior to entering into plea negotiations.[19] Having been advised that her criminal history was estimated to be a Category I, Pena neglected to correct Vidrine's misunderstanding of her criminal history. In light of the foregoing, Pena cannot establish that Vidrine's performance was deficient.

Pena next argues that her attorney was ineffective for failing to negotiate not only for a departure under § 5K1.1 but also for a departure from the statutory mandatory minimum sentence under 18 U.S.C. § 3553(e). However, the plea agreement indicates that Vidrine did negotiate for, not only a departure under § 5K1.1, but also a departure under § 3553(e).

The defendant claims that her attorney was ineffective for not filing a motion to compel the Government to file a motion under § 3553(e). Yet, the record reveals that Vidrine did file a motion for reconsideration of the sentence, which was denied by the Court. (Rec. Doc. 620).

Pena also asserts that Vidrine was ineffective at sentencing for not arguing that the Government move for a motion under 18 U.S.C. § 3553(e) for departure beneath the mandatory statutory minimum. Again, Vidrine did file a motion for reconsideration of the sentence which was denied. The Government has the sole discretion as to filing a motion under § 3553(e) and a defense attorney cannot force the Government to file such a motion. An attorney cannot be ineffective for failing to file a meritless motion.

The defendant contends that the attorney made a false statement in her motion to withdraw as counsel of record. She claims that in Vidrine's motion to withdraw, she indicated that Pena had filed letters with the Court without permission of the attorney and that the withdrawal at that time would not materially affect the defendant's appeal at this time. The defendant admits sending letters

---

[19] See *Moultrie v. United States*, 380 Fed.App'x. 885, 887 (11th Cir. 2010).

to the Court and has failed to establish any false statement in the motion to withdraw.

Accordingly, Pena was not denied effective assistance of counsel. The defendant has not established that her attorney's actions were deficient or that she was prejudiced.

Next, Pena argues that the Government breached the plea agreement by not filing a motion pursuant to § 3553(e) which would have allowed the district court to impose a sentence below the statutory minimum sentence. The plea agreement provided that the Government *may* file a motion for a downward departure under either U.S.S.G. § 5K1.1 motion or § 3553(e). The plea agreement did not require that the Government file a motion for a downward departure under 18 U.S.C. § 3553(e). The Government complied with the plea agreement by filing a U.S.S.G. § 5K1.1 motion, and did not breach the plea agreement by failing to file a motion under 18 U.S.C. § 3553(e).[20]

The defendant's final allegation is that the Government acted in bad faith in filing only a 5K1.1 motion and not a § 3553(e) motion. This court is procedurally barred from considering this issue as it should have been raised on direct appeal.

After our careful review of the record, we conclude that Pena did not receive ineffective assistance of counsel. Accordingly, the defendant's motion pursuant to §2255 will be denied.

Lake Charles, Louisiana, this __17__ day of April, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[20] *United States v. Pryor*, 2002 WL 663725, 1 (5th Cir. 2002).